Charles J. Davis
Pro Se
20 Apple Blossom Ln.
Corrales, NM 87048
Telephone: 505-480-1524

FILED
at 3:27 o'clock P M

JAN 3 0 2017

United States Bankruptcy Court
Albuquerque, New Mexico

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

Michael Adam Arellano, )
)
    Debtor. )
)
_____ )
)
)
Charles J. Davis, )
)
    Plaintiff, )
)
Vs. )
)
Michael Adam Arellano, )
)
    Defendant. )
_____ )

Chaper 7

Case No: 16-12720-t7

Adv No:

**COMPLAINT FOR:**

**NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523 (a)(4) AND 11 U.S.C. §523(a)(6)**

1

## COMPLAINT FOR NONDISCHARGEABILITY OF DEBT

Charles J. Davis, as Plaintiff herein, complains of Debtor and Defendant Michael Adam Arellano ("Debtor" or "Arellano") as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334 and the reference order of the United States District Court for the District of New Mexico. This adversary proceeding relates to the Chapter 7 case of Michael Adam Arellano, Case No. 16-12720-t7, now pending in the United States Bankruptcy Court for the District of New Mexico. The matter is a core proceeding pursuant to 28 U.S.C. §157.

2. Venue herein is proper pursuant to the provisions of 28 U.S.C. § 1409.

### GENERAL ALLEGATIONS

3. On October 31st, 2016, Debtor, filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code, and an order for relief was entered on that Date.

4. The debtor filed his petition one day before being subpoenaed to a supplemental hearing for a writ of garnishment in the State of New Mexico, County of Bernalillo Metropolitan Court, Case No. T-4-CV-2016-005882 . This supplemental hearing was called to determine Arellano's assets as an Answer by Garnishee was returned showing "No Funds Available".

5. The Honorable Judge Daniel E. Ramczyk awarded a Judgment to Plaintiff, against Debtor, on 8/24/2016. Case No. T-4-CV-2016-005881 in the amount of $10,157 plus 8.75% interest per annum.

6. The judgment awarded was swiftly applied by Judge Ramczyk as Debtor had signed a promissory note and two different agreements to repay funds paid by Plaintiff to Debtor for shares in an internet marketing company, (Tango Inc. a New Mexico Corporation). Plaintiff originally paid $20,000.00 in two payments in August and October of 2012 for said shares. Arellano was CEO/Founder of Tango Inc. which is now defunct and no longer an active corporation.

7. Prior to the judgment being awarded against Debtor, Debtor fulfilled a portion of the original repayment agreement to the sum of $6,350.00. Leaving an unpaid balance of $13,650 due to Plaintiff. After two years of trying to collect payment Plaintiff filed judgment in "Small Claims" court which has a maximum amount of $10,000.00. Thus the judgment amount being $10,000 plus court fees of $157.00.

8. On June 10, 2014, Plaintiff discovered that Debtor had not fulfilled his fiduciary and management duties at Tango, Inc. and was in fact using investor funds for personal use. It had been verbally agreed that all investor funds were to be used specifically for the development of the website framework and no funds were to be used for personal use i.e. salary, personal pay, etc. Charles J. Davis being one of many different investors.

9. Arellano provided periodic updates via email explaining that he had put numerous hours in with overseas developers working on an extensive framework of algorithms and

"back end" website development. After two years of "development" and constant pressure from investors, Debtor provided a link to a website that was created on a free template website company, www.wix.com.

10. Arellano paid himself an aggregate amount of $50,000 from investor funds until the money was extinguished from company accounts.

11. Arellano never provided financial documentation when asked to show what the investor funds were used towards.

12. Arellano verbally admitted to misappropriating said funds and agreed to sign a repayment agreement that his attorney, Charles N. Lakins, prepared and witnessed.

13. Tango, Inc. corporate officers/partners state that Debtor was issuing stock certificates to investors without approval from other corporate members adding that investors were issued null/void stock certificates by Debtor.

14. Arellano's conduct and misappropriation was embezzlement that Debtor self-acknowledged to enrich himself at the expense of the Plaintiff and other investors in Tango, Inc.

## FIRST CLAIM FOR RELIEF

(Nondischargeability against the Debtor Michael Adam Arellano – Pursuant to 11 U.S.C. §523(a)(4)

15. Plaintiff adopts, incorporate by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 14, inclusive, as if set forth individually in this First Claim for Relief.

16. Pursuant to §523(a)(4) of the United States Bankruptcy Code, a debt incurred by a debtor who perpetrates fraud or defalcation while acting as a fiduciary shall be nondischargeable.

17. At all relevant times, the Debtor was acting as Chief Executive Officer for Tango, Inc. and responsible to use all company funds paid by investors for company use i.e. framework development/company growth.

18. The Debtor breached his fiduciary duty to Plaintiff when he engaged in the following acts, among others:

> (A) On June 10, 2014, Plaintiff discovered that Debtor had not fulfilled his fiduciary and management duties at Tango, Inc. and was in fact using investor funds for personal use. It had been verbally agreed that all investor funds were to be used specifically for the development of the website framework and no funds were to be used for personal use i.e. salary, personal pay, etc. Charles J. Davis being one of many different investors.
>
> (B) Arellano provided periodic updates via email explaining that he had put numerous hours in with overseas developers working on an extensive framework of algorithms and "back end" website development. After two years of "development" and constant pressure from investors, Debtor provided a link to a website that was created on a free template website company, www.wix.com.
>
> (C) Arellano paid himself an estimated amount of $50,000 from investor funds until the money was extinguished from company accounts.
>
> (D) Arellano never provided financial documentation when asked to show what

5

the investor funds were used towards.

(E) Arellano verbally admitted to misappropriating said funds and agreed to sign a repayment agreement that his attorney, Charles N. Lakins, prepared and witnessed.

(F) Tango, Inc. corporate officers state that Debtor was issuing stock certificates to investors without approval from other corporate members adding that investors were issued null/void stock certificates by Debtor when they were presented to Plaintiff as legitimate Tango, Inc. holdings.

(G) Arellano's conduct and misappropriation was embezzlement that Debtor self-acknowledged to enrich himself at the expense of the Plaintiff and other investors in Tango, Inc.

19. As a direct result of the foregoing, Plaintiff has suffered damages in an amount exceeding the awarded judgment amount to a tune of $13,650.00. Plaintiff is asking the judgment amount of $10,157.00 be exempted from discharge in the Debtor's bankruptcy. Based on the foregoing fraud and defalcation, Plaintiff requests that the debt owed to Plaintiff by the Debtor be deemed not dischargeable in his bankruptcy.

20. In committing the acts hereinabove described, the Debtor acted willfully, maliciously, and with deliberate intent to deceive Plaintff, and because thereof, Plaintiff is entitled to the awarded judgment amount decided by Honorable Judge Daniel E. Ramczyk.

## SECOND CLAIM FOR RELIEF

Nondischargeability against the Debtor Michael Adam Arellano – Pursuant to 11 U.S.C. §523(a)(6)

21. Plaintiff adopts, incorporate by reference, and alleges herein all the allegations set forth in paragraph 1 through 14, inclusive, as if set forth individually in this Second Claim for Relief.

22. Pursuant to §523(a)(6) of the United States Bankruptcy Code, a debt incurred by a debtor who engages in willful and malicious conduct which results in damages shall be nondischargeable. Arellano engaged in willful and malicious conduct as well in the embezzlement of Plaintiff's assets.

23. The Debtor breached his fiduciary duty to Plaintiff when he engaged in the following acts, among others:

(A) On June 10, 2014, Plaintiff discovered that Debtor had not fulfilled his fiduciary and management duties at Tango, Inc. and was in fact using investor funds for personal use. It had been verbally agreed that all investor funds were to be used specifically for the development of the website framework and no funds were to be used for personal use i.e. salary, personal pay, etc. Charles J. Davis being one of many different investors.

(B) Arellano provided periodic updates via email explaining that he had put numerous hours in with overseas developers working on an extensive framework of algorithms and "back end" website development. After two years of "development" and constant pressure from investors, Debtor provided a link to a

website that was created on a free template website company, www.wix.com.

(C) Arellano paid himself an estimated amount of $50,000 from investor funds until the money was extinguished from company accounts.

(D) Arellano never provided financial documentation when asked to show what the investor funds were used towards.

(E) Arellano verbally admitted to misappropriating said funds and agreed to sign a repayment agreement that his attorney, Charles N. Lakins, prepared and witnessed.

(F) Tango, Inc. corporate officers state that Debtor was issuing stock certificates to investors without approval from other corporate members adding that investors were issued null/void stock certificates by Debtor when they were presented to Plaintiff as legitimate Tango, Inc. holdings.

(G) Arellano's conduct and misappropriation was embezzlement that Debtor self-acknowledged to enrich himself at the expense of the Plaintiff and other investors in Tango, Inc.

24. As a direct result of the foregoing, Plaintiff has suffered damages in an amount exceeding the awarded judgment amount to a tune of $13,650.00. Plaintiff is asking the judgment amount of $10,157.00 be exempted from discharge in the Debtor's bankruptcy. Based on the foregoing fraud and defalcation, Plaintiff requests that the debt owed to Plaintiff by the Debtor be deemed not dischargeable in his bankruptcy.

25. In committing the acts hereinabove described, the Debtor acted willfully, maliciously, and with deliberate intent to deceive Plaintff, and because thereof, Plaintiff is entitled to

8

Case 17-01006-t    Doc 1    Filed 01/30/17    Entered 01/30/17 15:36:48 Page 8 of 9

the awarded judgment amount decided by Honorable Judge Daniel E. Ramczyk.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Debtor Michael Adam Arellano as follows:

1. On its First Claim for Relief, for judgment against Debtor Michael Adam Arellano. Determining that the debt owed by the Debtor to Plaintiff, is not dischargeable in his bankruptcy case.

2. On its Second Claim for Relief, for judgment against Debtor Michael Adam Arellano. Determining that the debt owed by the Debtor to Plaintiff, is not dischargeable in his bankruptcy case.

3. That Plaintiff be awarded its judgment amount and for costs of complaint incurred herein for such other and further relief as the court deems just and proper.

Charles J. Davis

Dated: January 30, 2017

_____
Charles J. Davis
Pro Se Plaintiff